EMERY G. and HELEN L. DAVIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Davis v. Commissioner
Docket Nos. 11827-82, 21595-82.
United States Tax Court
T.C. Memo 1984-302; 1984 Tax Ct. Memo LEXIS 371; 48 T.C.M. (CCH) 282; T.C.M. (RIA) 84302; June 13, 1984. Emery G. and Helen L. Davis, pro se. Bradford A. Johnson, for the respondent. PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Special Trial Judge: These consolidated cases were assigned to Special Trial Judge Marvin F. Peterson pursuant to the provisions of section 7456(c) and (d), [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined deficiencies in petitioners' Federal income taxes for the their 1978 and 1979 taxable years in the amounts of $1,472.40 and $1,215.53, respectively. After concessions, *372 the issues remaining for decision are (1) whether petitioners are entitled to deduct automobile expenses; (2) whether petitioners are entitled to deduct rental expenses; and (3) whether petitioners are entitled to deduct office expenses. Some of the facts have been stipulated and are found accordingly. Petitioners are husband and wife and resided at 101 Carter Avenue, Newburgh, New York at the time they filed their petition in this case. They timely filed joint Federal income tax returns for the calendar years 1978 and 1979. Emery Davis was ordained as a minister by the New Testament Baptist Church, Springfield, Missouri on May 1970. In February 1976 petitioners moved to Newburgh, New York in order to establish a church there. After moving to Newburgh, petitioners rented an apartment and a building in which to hold church meetings. They began holding meetings in May 1976. The first organizational meeting for the church was held in October 1976. Contributions to the church were insufficient to support petitioners' personal needs and to pay church expenses. Thus, petitioners were forced to find outside employment to support themselves and the church. Petitioners hoped *373 that the church would become self-supporting and that the congregation would hire Mr. Davis as their minister. He was in fact hired in July 1978 and began receiving a salary in January 1980. In July 1978 the congregation purchased a church building and rented the adjacent parsonage with an option to purchase. The lease was in Mr. Davis' name; however, the option was granted to the church. After July 1978, the church attempted to assume all of the financial responsibilities of the church, including office expenses, rental payments, and maintenance of the parsonage. Due to the church's lack of funds, petitioners paid some church expenses during 1978 and 1979 including some rental payments for the parsonage. In addition, during 1978 and 1979 petitioners were employed by the Baptist Bible Institute East of Shrub Oak New York (the college). Mr. Davis was employed as a teacher of christian education and Mrs. Davis was employed in a clerical capacity. Petitioners worked at the college five days per week. Petitioner claimed employee business deductions in connection with Mr. Davis' duties as a minister of $5,493 in 1978 and $4,687 in 1979. The deductions claimed and respondent's *374 treatment are as follows: 1978
Amount Allowed
Amount Allowed
Amount
As Charitable
As Miscellaneous
Item
Claimed
Contribution
Deduction
Office equipment
$160.00
Telephone
319.00
319.00
Utilities
469.00
Salaries
210.00
Printing
63.00
63.00
Magazine
132.00
132.00
Car
3,850.00
868.00
State fellow
170.00
170.00
National fellow
120.00
120.00
Total
$5,493.00
$1,672.00
1979
Amount Allowed
Amount Allowed
Amount
As Charitable
As Miscellaneous
Item
Claimed
Contribution
Deduction
Parsonage
$ 839.00
Car
1,614.00
Office
563.00
563.00
Travel & Lodging
877.00
800.00
Educational
expense
230.00
230.00
Religious books
and supplies
254.00
254.00
Magazines
310.00
310.00
Additional veri-
fied expenses
31.00
Total
$4,687.00
$1,617.00
$571.00
1. Automobile Expenses.
Petitioners claimed a deduction for automobile expenses of $3,850 and $1,614 in 1978 and 1979, respectively, based on petitioners' estimated church-related miles and the standard business milegage rate. For 1978 and 1979 respondent disallowed the entire deduction for transportation between Newburgh *375 and the college. For 1978, however, he allowed automobile expenses of $868 at the standard charitable mileage rate for other church-related transportation. No deduction was allowed for other church-related mileage in 1979. Respondent contends that the standard charitable mileage rate is applicable because Mr. Davis' church-related transportation expenses were charitable and not incurred or paid in carrying on a trade or business. Furthermore, respondent maintains that Mr. Davis' transportation expenses attributable to travel to and from his job at the college are nondeductible personal commuting expenses. In July, 1978, Mr. Davis was formally called as a minister of the church in Newburgh. Prior to that time, although he devoted substantial time and effort to its establishment, he was not officially employed by the church in Newburgh or by any other church. After his ordination in 1970, Mr. Davis prepared himself financially to establish a church and begin practicing as a minister. Section 162 allows a deduction for ordinary and necessary expenses incurred or paid in carrying on a trade or business. It is well established that employment can constitute a trade or business. *376 However, expenses incurred and paid in preparation for entering a new employment are not deductible if the new employment is a new trade or business. ; . The nature of the employment determines whether the new employment is a new trade or business. See . Prior to July 1978, Mr. Davis was employed as a college teacher. He was not employed as a minister. After Mr. Davis was formally hired by the church as its minister, the church provided him with a residence and began reimbursing him for many of his church-related expenses. At that time, Mr. Davis' employment relationship with the church was established. We find that prior to July 1978 Mr. Davis was not in the trade or business of being a minister. Consequently, his expenses for transportation from Newburgh to the college are nondeductible personal commuting expenses, and the deduction for church-related transportation is limited to the standard charitable mileage rate. Thus, for the six months prior to July 1, 1978, petitioners may deduct *377 $434 for church-related transportation.
After July 1, 1978, Mr. Davis was an employee of the church in spite of the fact that he received no set salary until 1980. Mr. Davis had a genuine intention and objective of realizing a pecuniary benefit. Cf., . Our facts are distinguishable from , affd. , where petitioner acknowledged that he had no monetary motive for his ministerial activities. Here, it was clearly Mr. Davis' intent to receive compensation for his services in order to support himself and his spouse. His activities were substantial and profit-oriented. Therefore, we find that Mr. Davis was engaged in the business of being a minister after July 1, 1978, and the automobile mileage allowed at the standard charitable mileage rate is deductible based on the standard business mileage rate. In addition to the church-related mileage for which a deduction was allowed by respondent, petitioners claimed a deduction for the case of transportation between Newburgh and the college in Shrub Oak because they *378 assert that Mr. Davis was engaged in a trade or business at each location. Transportation between two places of business may be a deductible business expense. ; , affd. . However, where a taxpayer's residence is located at a minor place of business, the transportation between his major place of employment and his residence is a nondeductible personal commuting expense. , affd. per curiam . See also . Although Mr. Davis' activities with respect to the church rise to the level of a trade or business, they do not constitute his principal business. He worked full-time, five days per week at the college for which he received a salary. Petitioners were dependent on that salary for their livelihood. He was not compensated by the church in either of the years at issue beyond reimbursement for a portion of his out-of-pocket expenses. *379 Therefore, we conclude that petitioner's transportation expenses between his home in Newburgh and the college in Shrub Oak were primarily personal in nature and were not incurred purely in the pursuit of business. .
2. Parsonage Expense.
After July 1, 1978, the church attempted to provide all the benefits ordinarily provided to a minister including a parsonage in which to live. At the time the church building was purchased, the congregation did not have sufficient funds to purchase the parsonage as well. Instead, the parsonage adjacent to the church was leased with an option to purchase and petitioners established the home as their residence. The lease was in Mr. Davis' name and he made a few of the lease payments when the church was unable to do so. Respondent agrees that church expenses paid by petitioners are deductible as charitable contributions. He argues, however, that the lease payments were not church expenses, but rather personal living expenses of the petitioners. The owner of the parsonage insisted that the lease be signed by Mr. Davis for security reasons. However, the lease granted to the *380 church an option to purchase the building and the church made most of the lease payments. Therefore, we conclude that the lease expenses were church expenses. Accordingly, petitioners' payment of the church's lease expenses constitute deductible charitable contributions. 3. Church Office Expenses.
Finally, petitioners claimed a deduction for clerical salaries and office equipment related to Mr. Davis' ministerial duties. Both items were for the ultimate benefit of the church in relation to the minister's services. Mr. Davis paid the salary of a typist for Sunday School lessons and sermons and purchased office equipment which was then contributed to the church. Having concluded that the expenses were for the benefit of the church and not of the petitioner as an employee, they are deductible by petitioners as charitable contributions. Decisions will be entered under Rule 155.
Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩